IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRANDON LEWIS KELLY,<br><br>Defendant. | CR 18-15-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Brandon Lewis Kelly (Kelly) has been accused of violating the conditions of his supervised release. Kelly admitted alleged violations 1 and 2. The Court dismissed alleged violation 3 on the government's motion. Kelly's supervised release should be revoked. Kelly should be placed in custody for 7 months, with 41 months of supervised release to follow. Special Condition 6 should be amended to state that Kelly must participate in and successfully complete an outpatient substance abuse treatment program or an inpatient substance abuse treatment program as directed by his probation officer.

## II. Status

Kelly pleaded guilty to Failure to Register as a Sex Offender on

May 2, 2018. (Doc. 28). The Court sentenced Kelly to 12 months and 1 day of custody, followed by 5 years of supervised release. (Doc. 46). Kelly's current term of supervised release began on February 28, 2022. (Doc. 103 at 2).

**Petition**

The United States Probation Office filed a Second Amended Petition on January 6, 2023, requesting that the Court revoke Kelly's supervised release. (Doc. 103). The Second Amended Petition alleges that Kelly has violated the conditions of his supervised release: 1) by using methamphetamine on two separate occasions; and 2) by committing another crime.

**Initial appearance**

Kelly appeared before the undersigned for his initial appearance on January 17, 2023. Kelly was represented by counsel. Kelly stated that he had read the petition and that he understood the allegations. Kelly waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 17, 2023. Kelly admitted that he had violated the conditions of his supervised release by using methamphetamine on two separate occasions. Kelly denied alleged violation 3.

2

The Court dismissed alleged violation 3 on the government's motion. The violations that Kelly admitted are serious and warrant revocation of Kelly's supervised release.

Kelly's violations are Grade C violations. Kelly's criminal history category is V. Kelly's underlying offense is a Class C felony. Kelly could be incarcerated for up to 24 months. Kelly could be ordered to remain on supervised release for up to 48 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Kelly's supervised release should be revoked. Kelly should be incarcerated for 7 months, with 41 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Special Condition 6 should be amended to state that Kelly must participate in and successfully complete an outpatient substance abuse treatment program or an inpatient substance abuse treatment program as directed by his probation officer.

### IV. Conclusion

The Court informed Kelly that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Kelly of his right to object to these Findings and Recommendations within 14 days of

their issuance. The Court explained to Kelly that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Brandon Lewis Kelly violated the conditions of his supervised release by using methamphetamine on two separate occasions.

The Court **RECOMMENDS:**

> That the District Court revoke Kelly's supervised release and commit Kelly to the custody of the United States Bureau of Prisons for 7 months, with 41 months of supervised release to follow. Special Condition 6 should be amended to state that Kelly must participate in and successfully complete an outpatient substance abuse treatment program or an inpatient substance abuse treatment program as directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of January, 2023.

/s/ John Johnston
John Johnston
United States Magistrate Judge